**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CHRISTOPHER J. VAZQUEZ,

                Plaintiff,
     v.
                                                No. 1:21-CV-1371
HOMETOWN HEALTH CENTER OF         (MAD/CFH)
AMSTERDAM, NY,

                Defendant.
_____

**APPEARANCES:**

Christopher J. Vazquez
45 Arnold Ave.
Unit 2
Amsterdam, New York 12010
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

Plaintiff pro se Christopher J. Vazquez ("plaintiff") purported to commence this action on December 22, 2021, by filing a complaint. See Dkt. No. 1 ("Compl."). Plaintiff did not pay the filing fee or submit an application for leave to proceed in forma pauperis ("IFP"). See id. Accordingly, the Court administratively closed the case with an opportunity to comply with the filing fee requirement. See Dkt. No. 2. The Order directed plaintiff to either submit the full $402 filing fee or complete an IFP application within thirty days of the filing date of the Order. See id. at 2. The Order was filed on December 22, 2021. See id. Thus, plaintiff had until January 21, 2022, to timely pay the filing fee or file an IFP application. Plaintiff was sent a copy of this order by regular

mail. Plaintiff submitted an IFP motion on February 28, 2022, 38 days past the deadline set forth in the administrative closure order. See Dkt. No. 3.

Despite plaintiff's untimeliness, given the fact that he is proceeding pro se, and due to special solicitude, the undersigned will consider this belated filing. Plaintiff has previously failed to follow these filing requirements, but the undersigned has nevertheless considered the IFP application. See Vazquez v. Times Union Newspaper, 1:21-CV-1359 (DNH/CFH), Dkt. No. 5 at 1-2. The undersigned has reviewed plaintiff's present IFP motion and determines that he financially qualifies to proceed IFP for the purpose of filing.[1] See Dkt. No. 3.

## II. Initial Review

### A. Legal Standard

Section 1915[2] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility

---

[1] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any costs and fees that he may incur in this matter, including, but not limited to, any copying fees or witness fees.
[2] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted). This does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Pro se litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law[.]" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a

responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought . . . ." FED. R. CIV. P. 8(a)(1), (3). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 55 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too [] heavy [a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). The Second Circuit has held that "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise

4

unintelligible that its true substance, if any, is well disguised." Id. (citation omitted). If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Plaintiff's Filing History[3]

Plaintiff has a history of filing in the Northern District of New York, untimely IFP applications and complaints that are often dismissed at the pleading stage. The following recitation of plaintiff's filing history has been derived from Chief Judge Suddaby's Show Cause Order in case number 1:22-PF-2 (GTS), Dkt. No. 1 at 2-4:

1. Vazquez v. Dollar General Corp., 1:21-CV-0330 (BKS/CFH), Dkt. No. 14 (dismissing plaintiff's complaint without prejudice); Dkt. No. 15 (entering judgment dismissing plaintiff's complaint following his failure to file an amended complaint); see 2021 WL 4407817, at *4 (N.D.N.Y. Sept. 27, 2021), motion for relief from judgment denied, 2022 WL 279560 (N.D.N.Y. Jan. 31, 2022).[4]

2. Vazquez v. Times Union Newspaper, 1:21-CV-1359 (DNH/CFH), Dkt. No. 2 (ordering administrative closure for plaintiff's failure to pay the filing fee or file an IFP motion); Dkt. Nos. 5, 7, 8 (granting plaintiff's belatedly filed IFP motion but dismissing the complaint with prejudice and without leave to amend for failure to state a claim or establish subject matter jurisdiction); see 2022 WL 837474, at *4

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.
[4] Although the undersigned provides the Westlaw citations for plaintiff's other cases in the Northern District, copies have not been provided to plaintiff as he was provided copies by certified and/or regular mail when the orders or decisions were filed.

(N.D.N.Y. Mar. 1, 2022), report and recommendation adopted, 2022 WL 833370 (N.D.N.Y. Mar. 21, 2022).

3. Vazquez Carbuccia v. State of New York, 1:22-CV-0196 (GTS/CFH), Dkt. No. 2 (ordering administrative closure for plaintiff's failure to pay the filing fee or file an IFP motion).

4. Vazquez v. St. Mary's Healthcare, 1:22-CV-0317 (GTS/TWD), Dkt. No. 2 (ordering administrative closure for failure to pay the filing fee or file an IFP motion); Dkt. No. 7 (recommending dismissal of the complaint for failure to state a claim or establish subject matter jurisdiction); see 2022 WL 1659194, at *4 (N.D.N.Y. May 25, 2022).

Based on these filings, and plaintiff "becom[ing] increasingly abusive when communicating with Court staff[,]" on May 2, 2022, Chief Judge Suddaby ordered plaintiff to, within fourteen days, "show cause, in writing, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee[.]" In re: Christopher J. Vazquez, 1:22-PF-002 (GTS), Dkt. No. 1 at 4, 8. Plaintiff did not respond within fourteen days and on May 23, 2022, Chief Judge Suddaby entered a pre-filing injunction pursuant to 28 U.S.C. § 1651(a), permanently enjoining plaintiff from filing any documents in the Northern District without prior permission of the Chief Judge or his or her designee. See id. at Dkt. No. 2. Plaintiff's filings in the present matter were filed prior to Chief Judge Suddaby's imposition of the injunction and, as such, the undersigned will proceed to review the complaint's

6

sufficiency under the § 1915 standard.  See id. at 7 ("[N]othing in this Pre-filing Order . . . affects his rights in any of his currently pending actions[.]").

### C. Plaintiff's Complaint

Plaintiff does not submit a formal complaint in this matter; rather, he submits a two-page, handwritten letter seeking to sue "Hometown Health Center[] of Amsterdam, NY for Emotional Distress and abuse of process."  Compl. at 1.  Plaintiff contends that Hometown Health Center "denied [him] the Narcotics that [he] requested and gave [him] a refer[r]al to pain management."  Id.  Plaintiff asserts that as to his request for Percocet, it would be "logical" for Hometown Health Center to "need [his] doctor[']s notes from [his] former primary [care provider] and surgeon" but that he "had every right to be served" a Xanax prescription.  Id.  Plaintiff seeks "25,000 USD, non-negotiable."  Id. at 2.

In a letter to the Court filed May 6, 2022, plaintiff states, "I need 25 million USD from St. Mary's Institution Non-negotiable.  I need 25 million USD from Hometown Health Center(s) in Amsterdam New York.  Non-negotiable.  Both of these, 'Institutions' denied me my God given resources even after I began 'pain management services.'"  Dkt. No. 7.[5]  Plaintiff also filed a letter seeking "an Oath, to insure confidentiality [of] All Courthouse Matters" and "diplomatic immunity[.]"  Dkt. No. 6.[6]

### D.  Analysis

Plaintiff's complaint does not comply with the pleading standards set forth in Fed. R. Civ. P. 8 and 10.  Plaintiff provides next-to-no context for his claims such as when or

---

[5] Plaintiff filed an identical letter in Vazquez v. St. Mary's Healthcare, 1:22-CV-317 (GTS/TWD), Dkt. No. 5.
[6] Plaintiff filed an identical letter in Vazquez v. St. Mary's Healthcare, 1:22-CV-317 (GTS/TWD), Dkt. No. 6.

7

why he requested medications, when or why he was denied the medications, or how he was harmed by the denial. See Compl. This is insufficient to state a claim for relief. See Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").[7]

Plaintiff has also failed to establish this Court's subject matter jurisdiction. See Walcker v. Hovey, No. 5:17-CV-889 (TJM/TWD), 2017 WL 4417753, at *2 (N.D.N.Y. Sept. 13, 2017), report and recommendation adopted, 2017 WL 4417680 (N.D.N.Y. Oct. 3, 2017) (citation omitted) ("[T]he Court's initial review under 28 U.S.C. § 1915(e) must include consideration of whether the court has subject matter jurisdiction over the plaintiff's claims."). "In order to invoke federal question jurisdiction, the plaintiff's claims must arise 'under the Constitution, laws, or treaties of the United States.'" Morillo v. Trexx, No. 5:17-CV-01125 (GTS/TWD), 2017 WL 6372569, at *3 (N.D.N.Y. Nov. 6, 2017), report and recommendation adopted, 2017 WL 6372780 (N.D.N.Y. Dec. 12, 2017) (quoting 28 U.S.C. § 1331). "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). In other words, "[f]ederal question jurisdiction exists where the complaint 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" Times Union Newspaper, 2022 WL 837474, at *3 (quoting Franchise Tax Bd. v. Construction

---

[7] In a separate letter, plaintiff seeks "Diplomatic Immunity[.]" Dkt. No. 6. Diplomatic immunity protects "those most integral to the diplomatic mission, active 'diplomatic agents,' defined to include 'the head of the mission or a member of the diplomatic staff of the mission.'" Broidy Cap. Mgmt. LLC v. Benomar, 944 F.3d 436, 442 (2d Cir. 2019) (footnote and citation omitted). Plaintiff has in no way established that he is entitled to diplomatic immunity. See Compl; Dkt. No. 6.

Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).  Plaintiff cites no federal statute or provision of the Constitution under which he is attempting to bring his complaint.  See Compl.

Plaintiff has also failed to establish diversity jurisdiction.  Diversity jurisdiction can be established when the case is between citizens of different States and the "matter in controversy exceeds the sum or value of $75,000[.]"  28 U.S.C.A. § 1332(a)(1).  Plaintiff lives in Amsterdam, New York, and is seeking to sue Hometown Health Center, located in Amsterdam, New York.  See Compl.; see also St. Mary's Healthcare, 2022 WL 1659194, at *3 ("Plaintiff cannot establish diversity jurisdiction because Plaintiff and Defendant are all citizens of the same state, New York. Plaintiff provides that he lives in Amsterdam, New York, and St. Mary's Healthcare is located in Amsterdam, New York.").  As the purported defendant is from the same State as plaintiff, he has failed to establish diversity jurisdiction.

However, giving the utmost deference to his pro se status, plaintiff's two-page complaint could be construed as raising a medical malpractice claim.  See Compl.  The Federal Tort Claims Act ("FTCA") "confers jurisdiction on federal district courts to hear claims against the United States alleging 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'"  Williams v. United States, No. 03-CV-9909 (GEL), 2007 WL 951382, at *3 (S.D.N.Y. Mar. 22, 2007) (citing 28 U.S.C. § 1346(b)).  "Tort claims, such as claims of medical malpractice, are actionable under the FTCA."  Id. (citation omitted).

9

Hometown Health Centers is a federally funded institution; therefore, a claim could be brought against them under the FTCA.  See Hometown Health Centers, https://www.hometownhealthcenters.org/compliance-governance (last visited June 23, 2022) (explaining that "Hometown Health Centers is a federal Public Health Service employee.  It receives US Department of Health and Human Services (HHS) funding and has Federal Public Health Service (PHS) deemed status regarding certain health or health-related claims, including medical malpractice claims, for itself and its covered individuals through the [FTCA]."); Phillips v. Generations Fam. Health Ctr., 723 F.3d 144, 147 (2d Cir. 2013) (citing 42 U.S.C. §§ 233(g)-(n), 254b) ("[C]ertain health centers that receive federal funding under the Public Health Service Act and serve 'medically underserved' populations can be 'deemed' by HHS as federal health providers even if they are private organizations.  These federal health providers are considered federal employees for purposes of medical malpractice claims, and plaintiffs wishing to sue the providers or their employees must comply with the requirements of the FTCA.").  "Under the FTCA, before a claimant can file suit, he or she must first present the claim to the appropriate federal agency (in this case HHS) within two years of the date the claim accrued[]" and a lawsuit may be brought only "once the claim has been denied by the agency (or if the agency has failed to make a decision within six months after the claim was filed)." Phillips, 723 F.3d at 147 (citing 28 U.S.C. §§ 2401(b), 2675(a)).  "A plaintiff bears the burden to plead and prove compliance with the exhaustion requirements of the FTCA."  Spina v. Lu Feng Liu, 541 F. Supp. 3d 426, 433 (S.D.N.Y. 2021) (citations omitted).

Plaintiff does not allege that he filed a claim with HHS prior to attempting to bring this action against Hometown Health Center. See Compl. Moreover, plaintiff has not asserted when the alleged actions occurred; therefore, the undersigned cannot engage in an analysis to determine if plaintiff's complaint meets the FTCA's two-year statute of limitations period. See Torres v. United States, 612 F. App'x 37, 39 (2d Cir. 2015) (summary order) (citing 28 U.S.C. § 2401(b)). "Where a plaintiff fails to exhaust administrative remedies, the district court lacks subject matter jurisdiction over the FTCA claims." Spina, 541 F. Supp. 3d at 433 (citing Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005); Davila v. Gutierrez, 330 F. Supp. 3d 925, 936 (S.D.N.Y. 2018)). As plaintiff failed to plead compliance with the FTCA's exhaustion requirements, the undersigned recommends dismissal of the complaint without prejudice. See Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]").

Even absent these procedural deficiencies in plaintiff's filing, "[u]nder New York law, the requisite elements of proof in a medical malpractice action are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage." Torres v. City of N.Y., 154 F. Supp. 2d 814, 819 (S.D.N.Y. 2001) (citation omitted); see Corley v. United States, 11 F.4th 79, 85 (2d Cir. 2021) (explaining that state substantive law will apply to a medical malpractice claim brought under the FTCA). "Accordingly, in order to state a claim for medical malpractice, a plaintiff must specify the injuries he suffered and allege sufficient facts to demonstrate how his injuries were caused by a deviation from the standard of care."

Isaac v. City of N.Y., No. 17-CV-1021, 2018 WL 1322196, at *7 (S.D.N.Y. Mar. 13, 2018) (citations omitted).  Plaintiff has not alleged any injuries because of the denial of narcotics or Xanax, nor in any way demonstrated that the denial was a deviation from the standard of care.  See Compl.  Given the numerous deficiencies in plaintiff's purported complaint, the undersigned recommends dismissal.[8]

### III. Opportunity to Amend

Generally, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted).  "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'"  Edwards v. Penix, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).  "[L]ack of subject-matter jurisdiction is generally viewed as a substantive defect."  Planck v. Schenectady Cnty., No. 1:12-CV-0336 (GTS/DRH), 2012 WL 1977972, at *6 (N.D.N.Y. June 1, 2012) (footnote omitted).  As plaintiff has not established jurisdiction, and in light of the problems in plaintiff's filing history, the undersigned recommends dismissing plaintiff's complaint without leave to amend.  See,

---

[8] Plaintiff's letter submitted in May 2022, mentions "St. Mary's Institution[,]" although he does not name St. Mary's in his complaint.  Dkt. No. 7; see Compl.  The undersigned notes that plaintiff was likely not attempting to bring St. Mary's into this action as in his letter, plaintiff lists the case number for the present action as well as his case against St. Mary's.  See Dkt. No. 7.  Plaintiff filed an identical letter in his purported action against St. Mary's.  See St. Mary's Healthcare, 1:22-CV-317, Dkt. No. 5.

12

e.g., St. Mary's Healthcare, 2022 WL 1659194, at *4 (citing Johnson v. Progressive.com, 19-CV-11202 (CM), 2020 WL 589127, at *1 (S.D.N.Y. Feb. 5, 2020) (declining to grant *pro se* plaintiff leave to amend in light of the plaintiff's "abusive litigation history" and where amendment would be futile)); see also Times Union Newspaper, 2022 WL 833370, at *1 (dismissing with prejudice and without leave to amend).

### IV.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 3) will be considered, and, upon consideration, is **GRANTED** for purposes of filing only; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[9]

---

[9] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17)

Dated: June 27, 2022
     Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).

14