UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER J. VAZQUEZ,

                      **Plaintiff,**

  vs.                                              1:21-CV-01371
                                                      (MAD/CFH)
HOMETOWN HEALTH CENTER OF
AMSTERDAM, NY,

                      **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**CHRISTOPHER J. VAZQUEZ**
45 Arnold Ave., Unit 2
Amsterdam, New York 12010
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On December 22, 2021, Plaintiff Christopher J. Vazquez commenced this action *pro se* against Defendant Hometown Health Center of Amsterdam, New York, asserting claims for "Emotional Distress and abuse of process" related to Defendant's alleged refusal to provide him Percocet and Xanax prescriptions. Dkt. No. 1 at 1. Plaintiff subsequently submitted an application for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 3, and a letter motion seeking "Diplomatic Immunity" and "demand[ing] [that] the U.S. District Court ... stop sending [Plaintiff] threats using the confines of the law," Dkt. No. 6 at 1. On June 27, 2022, Magistrate Judge Hummel issued a Report-Recommendation and Order granting Plaintiff's IFP application for purposes of filing only and recommending that the complaint be dismissed without prejudice and without leave to amend. *See* Dkt. No. 8.

For the reasons set forth below, the Report-Recommendation and Order is adopted in its entirety.

## II. DISCUSSION

**A.    Standard**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Although Plaintiff's objections to the Report-Recommendation and Order argue that the recommendation had "no proper and certified reasoning behind it," his submissions do not

2

provide support for that argument or address any of the legal issues raised in the recommendation. *See* Dkt. No. 9 at 4.  Instead, Plaintiff's submissions restate the same claims asserted in his complaint concerning his alleged right to receive prescriptions from Defendant on demand.  *See generally* Dkt. Nos. 9, 10.[1]  Accordingly, the Court will review Magistrate Judge Hummel's recommendation for clear error.

B.   **The Complaint**

The Court has reviewed the Report-Recommendation and Order and finds that Magistrate Judge Hummel correctly concluded that the complaint must be dismissed because it fails to meet the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1), (2).  Plaintiff's complaint states that Plaintiff is suing Defendant "for Emotional Distress and abuse of process" because Defendant gave him a referral to pain management and "some BS medication [he] did not want or ask[] for," rather than Percocet and Xanax prescriptions.  Dkt. No. 1 at 1.  Plaintiff provides no further factual support for his claims.  Although the Court is cognizant of Plaintiff's status as a *pro se* litigant, the Court agrees with Magistrate Judge Hummel that the complaint is so ambiguous and vague that it "'presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims.'"  *Lamothe v. Fed. Ct. Clerk*, No. 2:22-CV-220, 2023 WL 1069680, *3 (D. Vt. Jan. 27, 2023) (quoting *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996)).

---

[1] Plaintiff's objections state—without any further elaboration—that a "Hearing" was held without Plaintiff "present to Defend [his] God given Right."  Dkt. No. 9 at 1.  It is not clear what Plaintiff is referring to as no hearings have been held in this matter.

Additionally, the complaint fails to address the grounds for the Court's jurisdiction. It appears that diversity jurisdiction is unavailable to Plaintiff because both parties are citizens of New York. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States"); *see also Vazquez v. St. Mary's Healthcare*, No. 1:22-CV-00317, 2022 WL 1659194, *3 (N.D.N.Y. May 25, 2022). With respect to federal question jurisdiction, the complaint fails to state what, if any, federal statute or provision of the Constitution this action arises under. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

It is true, as Magistrate Judge Hummel determined, that the complaint could be construed as raising a medical malpractice claim under the Federal Tort Claims Act ("FTCA"), a federal statute that confers "exclusive jurisdiction" on district courts to hear claims for money damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also McQueen v. United States*, No. 9:19-CV-0998, 2019 WL 4221545, *3 (N.D.N.Y. Sept. 5, 2019) ("Tort claims, such as claims of medical malpractice, are actionable under the FTCA") (citing *United States v. Kubrick*, 444 U.S. 111 (1979)). However, even assuming that Defendant is a federally funded institution against whom a claim under the FTCA may be brought, the complaint fails to adequately allege a FTCA claim. In particular, Plaintiff has failed to allege when the alleged actions occurred or that he filed a claim with the appropriate federal agency within two years of the date the claim accrued. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred

unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented"); *id.* § 2675(a) ("An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing").  Furthermore, the complaint has not alleged the requisite elements of a medical malpractice action; namely, "'a deviation or departure from accepted community standards of medical practice, and evidence that such deviation or departure was a proximate cause of injury or damage.'"  *Marsh v. City of New York*, 191 A.D.3d 973, 973 (2d Dep't 2021) (quotation omitted); *see also Corley v. United States*, 11 F.4th 79, 85 (2d Cir. 2021) (explaining that state substantive law will apply to a medical malpractice claim brought under the FTCA).  Without a valid FTCA claim, this Court lacks subject matter jurisdiction over this action and dismissal is required.[2]

**C.     Opportunity to Amend**

"'Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'"  *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted).  "However, an opportunity to amend is not required where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'"  *Vazquez*, 2022 WL 1659194, at *4 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)).

---

[2] Because the Court has determined that it lacks subject matter jurisdiction over the complaint, it need not address Plaintiff's motion for "Diplomatic Immunity."  Dkt. No. 6 at 1.

The Court agrees with Magistrate Judge Hummel's recommendation that Plaintiff's complaint be dismissed without leave to amend. A failure to establish jurisdiction is generally considered to be a substantive defect, *see Guillory v. Bishop Nursing Home*, No. 5:21-CV-410, 2021 WL 2431259, *3 (N.D.N.Y. June 15, 2021), and the Court also notes Plaintiff's extensive "history of filing multiple cases, often making frivolous allegations, that are dismissed at the screening stage for failure to state a claim, lack of subject-matter jurisdiction, and or/failure to comply with the filing-fee requirements." *Vazquez*, 2022 WL 1659194, at *4 (citations omitted); *see also In re: Christopher J. Vazquez*, 1:22-PF-002 (GTS), Dkt. No. 2 (entering a pre-filing injunction permanently enjoining Plaintiff from filing any documents in the Northern District without prior permission of the Chief Judge or his or her designee).

### III. CONCLUSION

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 8) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice** and **without leave to amend**; and the Court further

**ORDERS** that Plaintiff's letter motion for diplomatic immunity (Dkt. No. 6) is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

6

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 14, 2023
    Albany, New York

Mae A. D'Agostino
U.S. District Judge